Sergio S. Peña, Plaintiff and Appellant, *v.* Josefina Flores de Ordoñez, Defendant and Appellee.

No. 8320.   Argued May 28, 1941.—Decided May 29, 1941.

*P. Pérez Pimentel,* for appellant.   *A. Quirós Méndez,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The petitioner, Sergio S. Peña, occupied the position of Director of Public Health of the Municipality of Loíza when on September 13, 1940, the respondent, Josefina Flores de Ordoñez, as Mayoress of said municipality, filed charges against and suspended him from employment and salary. After the charges had been answered, a hearing was held and after the evidence for both parties had been presented, the Mayoress found said charges proven and removed Dr. Peña from office.   The latter then filed a petition of mandamus in the District Court of San Juan, alleging that he had been removed from office without just cause and requesting to be reinstated.   Respondent demurred to the petition for want of facts sufficient to constitute a cause of action, answered, and filed a motion to quash the alternative writ issued, because the extraordinary remedy of mandamus did not lie in this case, since the petitioner has an adequate remedy at law. The parties were heard and the court rendered judgment granting the demurrer, quashed the writ issued and dismissed the petition.   The petitioner took the present appeal wherein he assigns as sole error that the lower court decided the case in the manner aforementioned.

██ Section 29 of the Municipal Law in force (Laws of 1931, page 612) in its pertinent part, provides as follows:

"The municipal administrative officers and employees shall be removed from office only by the mayor, from whose decision the prejudiced officer or employee may take an appeal, which shall be the only one allowed, to the corresponding district court, which shall consider and decide the questions of fact and law involved in the appeal, within a term not exceeding thirty (30) days from the filing of the complaint on appeal, and none of the parties can appeal from the judgment of the district court deciding the points raised . . ."

The lower court, construing and applying this Section in its statement of the case and opinion, expressed itself in part, as follows:

"There is no doubt that this statute confers upon the officer removed from office the right to appeal to the corresponding district court from the decision rendered by the mayor and provides further that all matters of facts and issues of law be considered and decided within a term not to exceed thirty days. This remedy is not only adequate but also as speedy as mandamus and it is generally settled that where resort may be had to the appeal, mandamus does not lie. This is the rule according not only to the run of American decisions but also the rule established by our Supreme Court. Many years ago this principle was upheld in the case of *Rivas* v. *The Executive Council et al.*, 16 P.R.R. 637. A mandamus was involved, to bind the Executive Council to reinstate the petitioner in the electoral lists. From the decision of the Executive Council eliminating a voter, an appeal could be taken to the municipal court. Upon denying the mandamus due to the existence of the remedy of appeal, the Supreme Court stated:.

" 'Mandamus is an action or judicial proceeding of a civil nature, extraordinary in the sense that it can be maintained only when there is no other adequate remedy, prerogative in its character to the extent that the issue of both the alternative and the peremptory or final command is discretionary to enforce only clear legal right, and to compel courts to take jurisdiction or proceed in the exercise of their jurisdiction, or to compel corporations, public and private, and public boards, commissions, or officers, to exercise their jurisdiction or discretion, and to perform ministerial duties, which duties result from the office, trust, or station, and are clearly and peremptorily enjoined by law as absolute and official. (26 Cyc. 139, and cases cited.)'

" 'The Election Law provided the petitioner with a remedy and he should have followed the procedure therein indicated to the end, removing any obstacles found in the way by exercising the remedies with which the law provided him.' "

The lower court also cites the cases of *Morera* v. *District Court*, 55 P.R.R. 717; *Pérez* v. *Garrido, Commissioner*, 48 P.R.R. 445; *Nieves* v. *Lutz*, 45 P.R.R 619, and others, all of which uphold the same rule stated in *Rivas* v. *The Executive Council et al., supra.* Appellant does not convince us that there is present in this case any special reason to change the application of said rule. The case of *Branizar* v. *Mendín*, 43 P.R.R. 27, cited by appellant to show that mandamus lies in a case such as the one at bar, should not be construed as having that scope because it does not appear from the facts of said case that the issue of law herein involved and decided was raised in the lower court or before this Court on that occasion.

The judgment appealed from is affirmed.